**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KATHY MATTHEWS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-1783 |
| | § | |
| CITY OF HOUSTON FIRE | § | |
| DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Kathy Matthews, sued her former employer, the City of Houston, where she had worked for the Fire Department in the Finance and Administrative Division. She was fired in 2006. In this suit, filed in 2007, Matthews alleges that she was subjected to race, sex, age, and disability discrimination and a hostile work environment, and retaliation for filing complaints and for filing a workers' compensation claim. Matthews also sued two supervisors, David Swan and Jack Williams. She asserted claims under Title VII, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and the Texas statute on workers' compensation retaliation, Tex. Lab. Code Ann. § 451.001 *et seq.*

The defendants moved for summary judgment. (Docket Entry No. 40). The plaintiff responded with affidavits and "character declarations" as well as other submissions. (Docket Entry No. 39, 41, 42). The magistrate judge thoroughly reviewed the pleadings, the motions, responses, and replies; the evidence; and the applicable law, and recommended dismissing all the claims because the undisputed facts showed no basis for recovery, as a matter of law.

Matthews filed an objection to the Memorandum and Recommendation. In the objection, Matthews asked the court for a "complete review of all affidavits and any documents submitted to the courts, by me the plaintiff, Kathy L. Matthews." (Docket Entry No. 54). These documents are all public and have been available to Matthews. In the objections, she also requested an extension to file additional information or documents and to obtain legal counsel. This case has been on file for almost two years. Matthews has had ample opportunity to retain counsel and has previously moved for appointment of counsel, without success. With the objections, Matthews also submitted "character declarations," evaluations, medical information, and other documents, which appear to be copies of documents previously submitted and already part of the summary judgment record.

This court has reviewed the Memorandum and Recommendation of the magistrate judge signed on February 18, 2009, with the plaintiff's objection. This court has made a *de novo* determination of the recommended disposition. Rule 72(b), Fed. R. Civ. P.; 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989). The court finds the Memorandum and Recommendation should be, and the same is hereby, adopted as the court's Memorandum and Order. The objections do not provide a legal or factual basis to reject the magistrate judge's analysis.

Accordingly, this court grants the defendants' summary judgment motion. Final judgment is entered by separate order.

SIGNED on March 10, 2009, at Houston, Texas.

                                                     _____
                                                            Lee H. Rosenthal
                                                       United States District Judge